UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDEL LEWIS, AS RECEIVER FOR
COBALT SPORTS CAPITAL, LLC

CIVIL ACTION

VERSUS

SHAWN M. NELSON

NO.: 18-CV-00256-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for Default Judgment Against Defendant Shawn M. Nelson (Doc. 16)** filed by Plaintiff Randel Lewis, as receiver for Cobalt Sports Capital, LLC. Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the **Motion for Default Judgement Against Shawn M. Nelson (Doc. 16)** is **GRANTED**.

I. BACKGROUND

Plaintiff Randel Lewis, acting as receiver for Cobalt Sports Capital, LLC ("Cobalt") alleges that Defendant, Shawn Nelson ("Nelson") accepted a business loan from Cobalt's predecessor entity on or about February 28, 2011. (Doc. 16 at p. 1). Cobalt claims that its predecessor entity, Gibraltar Sports Capital, LLC ("Gibraltar") loaned Nelson $60,000.00 (the "Loan"), with interest accruing on the unpaid principal at a rate of 18% per year. (Id.). Cobalt alleges that pursuant to the terms of the loan agreement, a single payment of principal and all accrued interest was due and payable on February 28, 2012. (Doc. 1 at ¶ 10). Cobalt avers that Nelson failed to pay the required amount by the Loan's maturity date. (Id. at ¶ 11). As a result of Nelson's

default, an additional 5% late payment charge became due and owing. (Id. at ¶ 13). Pursuant to a purchase agreement with Gibraltar, Cobalt purchased certain assets from Gibraltar, including Nelson's note. (Id. at ¶ 14). On August 8, 2017, Cobalt sent Nelson a demand letter, informing Nelson that he was in default on the Loan, and informing Nelson that the outstanding balance on the Loan was $130,967.62. (Id. at ¶ 15). Having not received any response from Nelson, Cobalt moved for entry of default against Nelson on March 25, 2018. (Doc. 12). The Court granted Cobalt's motion on that same day. (Doc. 13).

## II. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *NewYork Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues

2

of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

### III. DISCUSSION

#### A. Default Judgment is Appropriate under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Nelson failed to file an Answer or motion under Rule 12. Second, it is undisputed that Nelson has not responded to any of Cobalt's attempts to contact him. Third, the grounds for granting a default judgment against Nelson are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. Fourth, the Court has no basis to find that Nelson's failure to respond was the result of a good faith mistake or excusable neglect because Nelson has failed to respond to Cobalt. Fifth, Nelson's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if

challenged by Nelson. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

## B. The Sufficiency of the Pleadings

The Court must also determine whether Cobalt's pleadings provide a sufficient basis for a default judgement. Cobalt sued Nelson on the grounds of breach of contract after Nelson defaulted on the Loan agreement and has not made any effort to pay the amounts owed under the agreement. (Doc. 1 at ¶¶ 21-26). Under Louisiana law, "generally, when a person neglects to do what he is obligated to do under a contract, he has committed a passive breach of the contract." *Huggs, Inc. v. LPC Energy, Inc.*, 889 F.2d 649, 655 (5th Cir. 1989) (*quoting Hennessy v. So. Central Bell Telephone*, 382 So.2d 1044 (La.App.2d Cir.1980). Therefore, in order to be successful, Cobalt must establish that an agreement existed, that Nelson was obligated to perform under that agreement, and that Nelson failed to do so.

Here, Cobalt alleges that Nelson entered into a loan agreement with Gibraltar, and that Cobalt purchased Nelson's note from Gibraltar. (Doc.1 at ¶ 8). Cobalt also avers that the terms of the note required Nelson to pay the entirety of the Loan by a certain date, and that Nelson failed to do so. (Id. at ¶¶ 10-11). Cobalt has attached a copy of the note to its complaint. (Id. at Exhibit B). The Court finds that Cobalt has demonstrated a sufficient basis for default on its breach of contract claim. Cobalt's motion for default judgment is granted.

C.  Attorney's Fees and Costs

Cobalt seeks $5,797.06 in attorney's fees and costs. (Doc. 16-1 at p. 4). Cobalt asserts that it is entitled to the attorney's fees pursuant to the terms of the Loan agreement. Having reviewed the contract at issue in this matter (Doc. 1-3), in particular, paragraph 9(k) which sets forth Nelson's responsibility to pay the note holder's attorney's fees should Nelson breach the agreement, the Court finds that pursuant to the terms of the agreement, Cobalt is entitled to *some* compensation for attorney's fees and costs. However, the Court must still analyze whether the attorney's fees requested by Cobalt are reasonable.

Courts use a two-step process to calculate reasonable attorney's fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, using twelve factors.[1] *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983).

---

[1] "The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis*, 135 F. 3d at 1047.

Cobalt submitted an affidavit indicating that Attorney Scott L. Sternberg ("Sternberg") and his firm, Sternberg, Naccari, & White, LLC (the "Firm") signed a contingency fee contract with Cobalt which provides for a fee recovery of 33% if any amount recovered on Cobalt's behalf. (Doc. 16-3 at ¶ 9). Sternberg avers that over the course of the prosecution of this matter, the Firm billed 21.5 hours, 11.2 of which were billed to Sternberg, and 10.3 of which were billed to Sternberg's associate, Michael Finkelstein. (Id. at ¶ 10). Sternberg also avers that the Firm has expended $679.56 on other costs related to this matter. (Id. at ¶ 11). Sternberg has provided an accounting of his time and expenses, and individual breakdowns of his own time and expenses, and those of Michael Finkelstein. (Id. at ¶ 13). Sternberg states that his standard hourly rate for these matters is $250.00/hour, and that Michael Finkelstein's hourly rate is $225.00. (Id. at ¶ 14).

The Court finds that these fees are reasonable and finds that $5,797.06 is an appropriate award for attorney's fees and costs.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Default Judgment (Doc. 16)** filed by Cobalt is **GRANTED**.

**IT IS FURTHER ORDERED** that an award of attorney's fees and costs is hereby entered in favor of Cobalt, and against Nelson, in the amount of $5,797.06, plus interest as provided.

Baton Rouge, Louisiana, this 24th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**